IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANN MIKOLOWSKI,

        Plaintiff,

v

91ST DISTRICT COURT and JUDGE ERIC
G. BLUBAUGH, in his official and
individual capacities,

        Defendants.

HON. ROBERT J. JONKER
U.S. DISTRICT COURT JUDGE

FILE NO. 2:17-cv-137-RJJ-TPG

_____/

| | |
|---|---|
| Sarah R. Howard (P58531)<br>Erin Dornbos (P80834)<br>PINSKY, SMITH, FAYETTE &<br>KENNEDY, LLP<br>Attorneys for Plaintiff<br>146 Monroe Center, N.W., Ste. 805<br>McKay Tower<br>Grand Rapids, MI 49503<br>(616) 451-8496/(616) 451-9850 Fax<br>showard@psfklaw.com<br>edornbos@psfklaw.com | Gregory R. Grant (P68808)<br>CUMMINGS, McCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Attorneys for Defendants<br>400 W. Front Street, Ste. 200<br>Traverse City, MI 49684<br>(231) 922-1888/(231) 922-9888 Fax<br>ggrant@cmda-law.com |

_____/

## **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

NOW COME Defendants, 91ST DISTRICT COURT and JUDGE ERIC G. BLUBAUGH,

by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., and for

their Answer to Plaintiff's First Amended Complaint and Jury Demand, state as follows:

### **Jurisdiction, Venue and Parties**

1.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER:**

Answering paragraph 1, Defendants do not contest this allegation.

2.    Plaintiff resides in Chippewa County, Michigan, in the Western District of Michigan, Northern Division.

**ANSWER:**

Answering paragraph 2, Defendants do not contest this allegation.

3.    Defendant 91st District Court (also referred to as "District Court") is a court located in Chippewa County, Michigan; a state actor; and an employer under the laws of the State of Michigan. The 91st District Court does business in the Western District of Michigan, Northern Division. Defendant, the Honorable Eric G. Blubaugh, is a judge of the 91st District Court and resides in Chippewa County, Michigan, in the Western District of Michigan, Northern Division.

**ANSWER:**

Answering paragraph 3, Defendants admit that 91st District Court is court located in Chippewa County, Michigan.  Admitted that Honorable Eric G. Blubaugh is a judge of the 91st District Court and resides in Chippewa County, Michigan.  Regarding the remainder of the allegations, no response is required as Plaintiff seeks a legal conclusion. For the remaining allegations, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

4.    Venue is proper within this judicial district under 28 U.S.C. § 1391(b).

**ANSWER:**

Answering paragraph 4, Defendants do not contest this allegation.

**Factual Allegations**

5.      Plaintiff worked for Defendant 91st District Court for 22 years. She first worked as a deputy clerk, and in 2004, she became the Court Administrator for the District Court. She continued as the Court Administrator until her termination on May 16, 2017.

**ANSWER:**

Answering paragraph 5, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

6.      Until December 2015, Plaintiff reported directly to then-sole District Court Judge, the Honorable Elizabeth Church.

**ANSWER:**

Answering paragraph 6, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

7.      The Honorable James Lambros is the sole Circuit Court Judge for the 50th Judicial Circuit Court in Chippewa County. Judge Lambros was the Chief Circuit Court Judge at all times relevant to this complaint.

**ANSWER:**

Answering paragraph 7, Defendants admit the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

8.      In Chippewa County, there is only one Probate/District Court Judge, one Circuit Court Judge, and one Magistrate. All Probate/District Court and Circuit Court judges and staff work in two buildings next door to each other.

3

**ANSWER:**

Answering paragraph 8, Defendants neither admit nor denies the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

9.     Tina Ojala is the Circuit Court Administrator. At no time did Plaintiff report to Ms. Ojala.

**ANSWER:**

Answering paragraph 9, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

10.     During the time that Plaintiff was employed by the District Court, the District Court governed its employees by the practices and procedures found in the Collective Bargaining Agreement ("CBA") governing its sister body, the Chippewa County Probate Court ("the Probate Court"). (See Exhibit A.) The employees of the Probate Court were organized in a collective bargaining unit which had negotiated a CBA with the Probate Court. (Ex. A.) Although the District Court's employees were not part of the Probate Court's employees' collective bargaining unit, the long-time practice of the District Court was to follow the same policies and procedures for its employees that were found in the CBA.

**ANSWER:**

Answering paragraph 10, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

11.     The CBA contains a provision requiring that employees only be terminated for just

4

cause. Accordingly, based on the District Court's established practice of following the CBA for its employees, a District Court employee like Plaintiff could only be terminated for just cause.

**ANSWER:**

Answering paragraph 11, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

12.     On May 25, 2016, the Supreme Court of Michigan reviewed a decision and recommendation by Judicial Tenure Commission ("JTC") regarding Judge Church. The Supreme Court issued an Order requiring Judge Church be publicly censured and suspended without pay for 120 days. See In re Church, 879 N.W.2d 246, 249-50 (Mich. 2016).

**ANSWER:**

Answering paragraph 12, no response is required as the legal opinion speaks for itself.

13.     The discipline recommended by the JTC and ordered by the Court was based on "several years" of misconduct by Judge Church, which included reducing charges, dismissing charges, and modifying sentences in at least 20 criminal cases, without holding a hearing and without authority from the prosecutor, and engaging in **ex parte** discussions considering substantive matters. In re Church, 879 N.W.2d at 246-49.

**ANSWER:**

Answering paragraph 13, no response is required as the legal opinion speaks for itself.

14.     During the time period in which Judge Church's misconduct occurred, Plaintiff reported to Judge Church as the Court Administrator.

**ANSWER:**

Answering paragraph 14, Defendants neither admit nor deny the allegations therein as

5

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

15.     Upon information and belief, Judge Lambros was aware of Judge Church's misconduct, but did not report it to the JTC or the State Court Administrative Office ("SCAO") or otherwise take action to correct Judge Church's behavior.

**ANSWER:**

Answering paragraph 15, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

16.     In May 2014, Plaintiff reported Judge Church's troubling behavior to Jerry Kole, an employee of the State Court Administrative Office ("SCAO").

**ANSWER:**

Answering paragraph 16, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

17.     Mr. Kole called the JTC and made a referral regarding potential judicial misconduct based on Plaintiffs report.

**ANSWER:**

Answering paragraph 17, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

18.     The JTC began its investigation of Judge Church in June 2014, and proceeded to interview Court and judicial staff in Chippewa County.

**ANSWER:**

Answering paragraph 18, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

19.     During this time, Defendant Judge Blubaugh was the Chippewa County Magistrate Judge.

**ANSWER:**

Answering paragraph 19, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

20.     It was common knowledge among the staff and the judges in the Chippewa County District and Circuit Courts that Plaintiff was the person who reported Judge Church's misconduct.

**ANSWER:**

Answering paragraph 20, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

21.     In December 2015, Judge Church began a medical leave and never returned to the bench or performed additional work as a judge. Upon information and belief, Judge Church ultimately learned she was suffering from a brain tumor.

**ANSWER:**

Answering paragraph 21, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

22.     From the time Judge Church left the bench in December 2015 until May 16, 2017, there was no sitting Probate/District Court Judge. Upon information and belief, Judge Church was paid until May 6, 2017, with the exception of her 120-day suspension.

**ANSWER:**

Answering paragraph 22, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

23.     While there was no Probate/District Court Judge, Plaintiff had no official supervisor. She helped coordinate guest judges and circulated the docket to cover cases in Judge Church's absence.

**ANSWER:**

Answering paragraph 23, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

24.     On April 3, 2017, Chippewa County Sheriff Mike Bitnar sent an email to several individuals, including Plaintiff, regarding an "UPDATE on our courtroom security project." The message was sent to multiple court and county employees, including Defendant Judge Blubaugh (then Magistrate Blubaugh).

**ANSWER:**

Answering paragraph 24, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

25.     Designing and making decisions regarding court security is the responsibility of the

8

Chippewa County Administrator and the Sheriff. Plaintiff's job did not include any authority regarding designing or making decisions related to court security.

**ANSWER:**

Answering paragraph 25, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

26.     Sheriff Bitnar's email discussed the security plans he, with consultation from the county judges, had designed for each of the three courtrooms.

**ANSWER:**

Answering paragraph 26, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

27.     For the Circuit Court, Sheriff Bitnar's email stated,

> There will be a walk-through metal detector outside the entrance door to the courtroom along with a table. There will also be a barrier that will be pulled across whenever court is in session CLOSING the courtroom while the Judge is on the bench. This was discussed with both the Circuit Court and Probate court Officials during the planning stage (as we had NO full time Dist court judge at the time).
>
> The Bailiff will wait for the Judge to get into the chambers before opening the courtroom and screening people in.

**ANSWER:**

Answering paragraph 27, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the

allegations and leaves Plaintiff to her proofs.

      28.    Regarding the District Court, Sheriff Bitnar's email stated, in part,

> ... Just like the Circuit court there will be a people barrier that will close off the courtroom while the Judge is on the bench.
>
> The courtroom will reopen whenever the Judge is safely back in chambers and the Bailiff can process people in.

**ANSWER:**

      Answering paragraph 28, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

      29.    Regarding the Probate/Family Division courtroom, Sheriff Bitnar's email stated, in part, "A BIG CLOSED sign will be placed on the door whenever court is in session and people can wait outside until the next recess."

**ANSWER:**

      Answering paragraph 29, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

      30.    Sheriff Bitnar's email regarding the new court security plan also stated,

> I am hoping to get the message to all the Attorneys so they will be EARLY and meet with their clients prior to the court date as they will NOT be allowed to leave the secured court area to talk with their clients (if they are in custody of our Office).

**ANSWER:**

      Answering paragraph 30, Defendants neither admit nor deny the allegations therein as

10

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

31.     On April 4, 2017, Plaintiff spoke with Sheriff Bitnar about the security plan and expressed her concern that she did not think it was legal to have the courtrooms closed to the public during court proceedings.

**ANSWER:**

Answering paragraph 31, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

32.     Sheriff Bitner told Plaintiff that the plan was a "done deal." He stated that the county had already purchased the metal detectors for the courtrooms, and the county did not want to pay for separate deputies to monitor and admit people to the court through the metal detectors during court proceedings. He did not engage in further conversation with Plaintiff regarding her concerns, as she had no authority over or responsibility regarding courtroom security plans.

**ANSWER:**

Answering paragraph 32, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

33.     Following this meeting, on April 4, 2017, Plaintiff called Mr. Kole at SCAO and explained she was concerned about the legality of the plan to shut down the courtroom.

**ANSWER:**

Answering paragraph 33, Defendants neither admit nor deny the allegations therein as

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

34. Mr. Kole told Plaintiff that the security plan violated MCR 8.116. He told Plaintiff he would speak to the Chippewa County judges.

**ANSWER:**

Answering paragraph 34, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

35. Mr. Kole spoke with Ms. Ojala, Circuit Court Administrator, to inform her that the security plan violated MCR 8.116 and could not be implemented.

**ANSWER:**

Answering paragraph 35, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

36. Subsequently, Dennis MacDonell, a court security expert with SCAO, spoke with Sheriff Bitnar regarding the proposed security plan. After speaking with Sheriff Bitnar, Mr. MacDonell spoke with Mr. Kole about the proposed security plan.

**ANSWER:**

Answering paragraph 36, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

37. On February 23, 2017, a judicial vacancy was declared for the district court

judgeship. Judge Church initially resigned on February 17, 2017, but her resignation was not effective until May 6, 2017.

**ANSWER:**

Answering paragraph 37, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

38.   Governor Richard Snyder appointed former Magistrate, Eric Blubaugh, to fill the position of Probate/District Court Judge until the next election.

**ANSWER:**

Answering paragraph 38, Defendants admit the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

39.   Judge Blubaugh's first day as the Probate/District Court Judge was May 16, 2017.

**ANSWER:**

Answering paragraph 39, Defendants admit the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

40.   On the afternoon of May 16, 2017, Defendant Judge Blubaugh called Plaintiff in for a meeting. Plaintiff received no prior notice of this meeting and did not know what the meeting was about. Tina Ojala was also present for the meeting.

**ANSWER:**

Answering paragraph 40, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

41.     During the meeting, Judge Blubaugh terminated Plaintiffs employment effective immediately. The only explanation Judge Blubaugh gave Plaintiff for her termination was, "I want to take this Court in a new direction, and I don't think we can do that together." When Plaintiff asked if she had done anything wrong, Judge Blubaugh said, "I don't know enough about your job and what you do to know if you have done anything wrong." He then repeated that he just wanted to take the Court in a "new direction" and he didn't think they could do that together.

**ANSWER:**

Answering paragraph 41, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

42.     Judge Blubaugh presented Plaintiff with a prepared document to sign and informed her that, "we are giving you the opportunity to resign, or your employment will be terminated effective immediately."

**ANSWER:**

Answering paragraph 42, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

43.     Plaintiff asked if she could talk to someone about it or think about it, and he said no, it was effective immediately. Plaintiff also asked about what would happen to her benefits and retirement, and Judge Blubaugh said he did not know.

**ANSWER:**

Answering paragraph 43, Defendants neither admit nor deny the allegations therein as

14

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

44.  Judge Blubaugh allowed Plaintiff to go to the office of Deputy County Administrator Kelly Church in order to inquire about her benefits and retirement.

**ANSWER:**

Answering paragraph 44, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

45.  When Plaintiff left the room, Ms. Ojala followed her, and they were met by Sheriff Deputy Joe Wiater outside of Ms. Church's office.

**ANSWER:**

Answering paragraph 45, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

46.  Plaintiff spoke with Ms. Church and learned she would be able to collect her retirement, but not until she turned 55.

**ANSWER:**

Answering paragraph 46, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

47.  At that point, Plaintiff had the resignation agreement in her hand, but she had not signed the paper stating she was resigning in lieu of termination. She left Ms. Church's office and

then the building, with Ms. Ojala and Deputy Wiater still following. Deputy Wiater apologized to Plaintiff for monitoring her after Judge Blubaugh terminated her employment. Deputy Wiater told Plaintiff he was supposed to "make sure she was ok." He also said, "Frankly, I don't know why I'm here."

**ANSWER:**

Answering paragraph 47, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

48.     Plaintiff, Ms. Ojala, and Deputy Wiater walked to entrance of county building. Plaintiff asked Deputy Wiater for a pen, and then she signed the resignation paper. Only after Plaintiff signed the paper did Ms. Ojala and Deputy Wiater stop following her while she collected her personal items from her office and then left the building.

**ANSWER:**

Answering paragraph 48, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

49.     Upon information and belief, the Chippewa County judges, including Defendant Blubaugh, were angry that Plaintiff reported the serious misconduct of Judge Church and the illegality of the proposed security plan to SCAO.

**ANSWER:**

Answering paragraph 49, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

16

**Count I - Violation of Freedom of Speech under the First Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983 as to Defendant Blubaugh**

50.     This Count applies to Defendant Blubaugh in his individual capacity.

**ANSWER:**

Answering paragraph 50, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

51.     Plaintiff engaged in protected conduct when she referred the judicial misconduct of Judge Church and posed questions regarding the legality of the proposed courtroom security plan to SCAO. Plaintiffs official duties did not include supervising Judge's Church's conduct, nor did they include any responsibilities related to planning, supervision, or decision-making regarding courtroom security procedures. When she spoke on these two important topics, therefore, she was speaking as a citizen on a matter of public concern.

**ANSWER:**

Answering paragraph 51, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

52.     Following her first protected speech in 2015 regarding Judge Church's conduct, she had no official supervisor, due to Judge Church's medical leave and an undeclared judicial vacancy. She engaged in protected speech for the second time regarding the illegal courtroom security plan on April 4, 2017, also at a time she did not have a supervisor. On the first day following her protected speech that there was a supervisor in place (May 16, 2017), Defendant Blubaugh terminated Plaintiffs employment.

17

**ANSWER:**

Answering paragraph 52, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

53.     Plaintiffs termination of employment would clearly deter a person of ordinary firmness from continuing to engage in the conduct of making protected speech.

**ANSWER:**

Answering paragraph 53, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

54.     Defendant Blubaugh terminated Plaintiffs employment at least in part because of Plaintiffs exercise of protected speech by reporting the judicial misconduct and illegality of the courtroom security plan to SCAO.

**ANSWER:**

Answering paragraph 54, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

55.     At the time of Plaintiffs termination, the law had clearly established that her comments were constitutionally protected as a matter of public concern and that termination in response to such comments was a violation of her First Amendment rights. Defendant Blubaugh, in his individual capacity, therefore is not entitled to qualified immunity with respect to Count I.

**ANSWER:**

Answering paragraph 55, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

18

56.    Defendant Blubaugh violated the First Amendment when he discharged Plaintiff as aforesaid in retaliation for her protected speech.

**ANSWER:**

Answering paragraph 56, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

57. As a result of Defendant Blubaugh's violation of Plaintiffs First Amendment right to freedom of speech, Defendant Blubaugh is liable to Plaintiff for damages, including lost wages and benefits; future lost wages and benefits and/or reinstatement to her prior or equivalent employment position; compensatory damages for emotional and mental distress; attorney's fees and interest; punitive damages; and all other necessary and appropriate relief.

**ANSWER:**

Answering paragraph 57, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

WHEREFORE, Defendants, 91ST DISTRICT COURT and JUDGE ERIC G. BLUBAUGH,  respectfully request this Honorable Court to dismiss Plaintiff's First Amended Complaint, and to award to Defendants their costs and attorney fees necessitated by this defense.

### Count II - Violation of Michigan's Whistleblowers' Protection Act as to both Defendants

58.    This Count applies to both Defendants, including Defendant Blubaugh in both his individual and official capacities.

**ANSWER:**

Answering paragraph 58, Defendants neither admit nor deny the allegations therein as

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

59. Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

**ANSWER:**

Answering paragraph 59, Defendants incorporate by reference paragraphs 1 through 58 as if fully set forth herein.

60. Both Defendants are "Employers" within the definition of the WPA. Mich. Comp. Laws Ann. § 15.361.

**ANSWER:**

Answering paragraph 60, no response is required as plaintiff sets forth a conclusion of law.

61. Plaintiff is an "Employee" within the definition of the WPA.

**ANSWER:**

Answering paragraph 61, no response is required as plaintiff sets forth a conclusion of law.

62. Plaintiff reported known or suspected violations of the law to SCAO, a public body under the WPA, regarding judicial misconduct of Judge Church and the proposed courtroom security plan.

**ANSWER:**

Answering paragraph 62, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

63. Defendants subsequently discharged Plaintiff in violation of the WPA.

20

**ANSWER:**

Answering paragraph 63, Defendants denies all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

64.     As a result of Defendants' violation, Defendants are liable to Plaintiff for damages, including lost wages, and benefits; future lost wages and benefits and/or reinstatement to her prior or equivalent employment position; compensatory damages for emotional and mental distress; attorney's fees and interest; punitive damages; and all other necessary and appropriate relief.

**ANSWER:**

Answering paragraph 64, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

WHEREFORE, Defendants, 91ST DISTRICT COURT and JUDGE ERIC G. BLUBAUGH,  respectfully request this Honorable Court to dismiss Plaintiff's First Amended Complaint, and to award to Defendants their costs and attorney fees necessitated by this defense.

### Count III - Violation of Right to Due Process of Law Under the Fourteenth Amendment to the U.S. Constitution as to Defendant Blubaugh

65.     Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

**ANSWER:**

Answering paragraph 65, Defendants incorporate by reference paragraphs 1 through 64 as if fully set forth herein.

66.     The terms of Plaintiffs employment established by the District Court's past practice, as found in the CBA, required that Plaintiff be discharged only for just cause.

21

**ANSWER:**

Answering paragraph 66, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

67.     Defendant Blubaugh discharged Plaintiff without just cause.

**ANSWER:**

Answering paragraph 67, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

68.     Defendant Blubaugh did not permit Plaintiff any type of a pretermination or post-termination hearing prior to her discharge.

**ANSWER:**

Answering paragraph 68, Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

69.     Plaintiff has a property interest in her employment as defined by the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and *Loudermill v. Cleveland Board of Education*, 470 U.S. 532 (1985) ("*Loudemiil")*, which can only be terminated in accordance with due process of law.

**ANSWER:**

Answering paragraph 69, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

70.     Defendant Blubaugh's discharge of Plaintiff without just cause and without providing her with either a fair pre-termination and/or post-termination hearing contrary to the

22

Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983; and *Loudermill,* depriving her of due process of law.

**ANSWER:**

Answering paragraph 70, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

71.     As a result of Defendant Blubaugh's failure to provide a fair pretermination and/or post-termination hearing, Defendant Blubaugh is liable to Plaintiff for damages, including past lost wages and benefits; future lost wages and benefits and/or reinstatement to her prior or equivalent employment position; compensatory damages for emotional and mental distress; and punitive damages.

**ANSWER:**

Answering paragraph 71, Defendants deny all allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

WHEREFORE, Defendants, 91ST DISTRICT COURT and JUDGE ERIC G. BLUBAUGH, respectfully request this Honorable Court to dismiss Plaintiff's First Amended Complaint, and to award to Defendants their costs and attorney fees necessitated by this defense.

Dated: October 18, 2017

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Gregory R. Grant

Gregory R. Grant (P68808)
Attorneys for Defendants
400 W. Front Street, Ste. 200
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

24

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANN MIKOLOWSKI,

        Plaintiff,

v

91ST DISTRICT COURT and JUDGE ERIC
G. BLUBAUGH, in his official and
individual capacities,

        Defendants.

HON. ROBERT J. JONKER
U.S. DISTRICT COURT JUDGE

FILE NO. 2:17-cv-137

_____/

| | |
|---|---|
| Sarah R. Howard (P58531) | Gregory R. Grant (P68808) |
| Erin Dornbos (P80834) | CUMMINGS, McCLOREY, DAVIS & |
| PINSKY, SMITH, FAYETTE & | ACHO, P.L.C. |
| KENNEDY, LLP | Attorneys for Defendant |
| Attorneys for Plaintiff | 400 W. Front Street, Ste. 200 |
| 146 Monroe Center, N.W., Ste. 805 | Traverse City, MI 49684 |
| McKay Tower | (231) 922-1888/(231) 922-9888 Fax |
| Grand Rapids, MI 49503 | ggrant@cmda-law.com |
| (616) 451-8496/(616) 451-9850 Fax | |
| showard@psfklaw.com | |
| edornbos@psfklaw.com | |

_____/

## DEFENDANTS' AFFIRMATIVE DEFENSES

NOW COME Defendants, 91ST DISTRICT COURT and JUDGE ERIC G. BLUBAUGH,

by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., and gives

notice that at or before the time of trial, and subject to completion of discovery, they will reply

upon all of the following defenses:

    1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

    2.      All or part of Plaintiff's claims may be subject to, in whole or in part, to the

applicable statute of limitations and/or the doctrine of laches.

3.       Pursuant to M.C.L. 691.1407, the 91st District Court is absolutely immune from tort liability as it was engaged in the exercise and/or discharge of a governmental function.

4.       At all times material to Plaintiff's Complaint, Judge Eric G. Blubaugh was acting in the course of his official duties.  As such, he is entitled to immunities granted to him by M.C.L. 691.1407, said statute commonly referred to as the Michigan Government Tort Liability Act.

5.       A governmental agency cannot be held vicariously liable for actions of its officer, employee or agent, during the course of employment and within the scope of authority unless engaged in an activity which is non-governmental or proprietary or falls within a statutory exception to governmental immunity.  *Ross v Consumers Power Co.,* 420 Mich 567 (1984).

6.       Except as to the amount of damages, there is no genuine issue as any material fact and Defendants are entitled to judgment as a matter of law pursuant to MCR 2.116(C)(10).

7.       Plaintiff's claim fails to the extent that she failed to mitigate her damages.

8.       Plaintiff's alleged activity is not protected by the Whistle-Blower's Protection Act.

9.       Plaintiff has waived her rights under the Michigan Whistle-Blower's Protection Act.

10.       Because of the conduct of Plaintiff herein, she is estopped from asserting a claim under the Michigan Whistle-Blower's Protection Act.

11.       Plaintiff's alleged activity is not protected by the Whistle-Blower's Protection Act for the following reasons among others:

     a.   The claimed protected speech is not protected under the Act;
     b.   The claimed protected speech did not report or threaten to report a violation of the law by the defendants;
     c.    The claimed protected speech was made in the course of the Plaintiff's duties as a public servant and not as a private citizen.

12.       Plaintiff did not report a violation or suspected violation of the law by the employer

2

before she was discharged.

13.    Plaintiff cannot sustain her burden of proof that she was about to report a violation or suspected violation of the law by the employer.

14.    All decisions regarding Plaintiff's employment were made in good faith and for legitimate, nondiscriminatory reasons, and not as a pretext for any discrimination.

15.    Plaintiff's employment was at-will.

16.    Plaintiff did not have a contract, either express or implied, with any Defendant.

17.    Plaintiff's claims are barred by the statute of frauds.

18.    Judge Eric G. Blubaugh is entitled to qualified immunity, absolute judicial immunity, and common law judicial immunity.

19.    Plaintiff may have failed to exhaust administrative remedies.

20.    The 91st District Court is not a legal entity capable of being sued.

21.    Defendants are entitled to a set-off to the extent Plaintiff has recovered from collateral sources of compensation.

22.    Plaintiff's allegations are based on speculation and conjecture.

23.    Some or all of Plaintiff's claimed damages are not allowable in this matter.

24.    There is no causal connection between any protected activity and the termination of Plaintiff's employment.

25.    Any and all damages sustained by Plaintiffs were proximately caused totally or in part by Plaintiff's own actions.

26.     Defendants reserve the right to add to, supplement, change or amend any and all of

their Affirmative Defenses as facts become known through discovery.

Dated:   October 18, 2017                      CUMMINGS, McCLOREY, DAVIS
                                                        & ACHO, P.L.C.


                                                    ___/s/ Gregory R. Grant_____
                                                    Gregory R. Grant (P68808)
                                                    Attorneys for Defendants
                                                    400 W. Front Street, Ste. 200
                                                    Traverse City, MI 49684
                                                    (231) 922-1888/(231) 922-9888 Fax
                                                    ggrant@cmda-law.com

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANN MIKOLOWSKI,

        Plaintiff,

v

91ST DISTRICT COURT and JUDGE ERIC
G. BLUBAUGH, in his official and
individual capacities,

        Defendants.

HON. ROBERT J. JONKER
U.S. DISTRICT COURT JUDGE

FILE NO. 2:17-cv-137

_____/

Sarah R. Howard (P58531)
Erin Dornbos (P80834)
PINSKY,   SMITH,   FAYETTE   &
KENNEDY, LLP
Attorneys for Plaintiff
146 Monroe Center, N.W., Ste. 805
McKay Tower
Grand Rapids, MI 49503
(616) 451-8496/(616) 451-9850 Fax
showard@psfklaw.com
edornbos@psfklaw.com

Gregory R. Grant (P68808)
CUMMINGS,  McCLOREY,  DAVIS  &
ACHO, P.L.C.
Attorneys for Defendant
400 W. Front Street, Ste. 200
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

_____/

## DEFENDANTS BENZIE COUNTY AND BENZIE COUNTY SHERIFF'S DEPARTMENT'S RELIANCE UPON PLAINTIFF'S JURY DEMAND

NOW COME Defendants, 91ST DISTRICT COURT and JUDGE ERIC G. BLUBAUGH,

by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., and gives

notice of their reliance upon the Jury Demand filed by Plaintiff.

Dated:   October 18, 2017                                   CUMMINGS, McCLOREY, DAVIS
                                                                        & ACHO, P.L.C.


                                                                   /s/ Gregory R. Grant
                                                                Gregory R. Grant (P68808)
                                                                Attorneys for Defendants
                                                                400 W. Front Street, Ste. 200
                                                                Traverse City, MI 49684
                                                                (231) 922-1888/(231) 922-9888 Fax
                                                                ggrant@cmda-law.com

2