IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANN MIKOLOWSKI,

   Plaintiff,

v

91ST DISTRICT COURT and JUDGE ERIC G. BLUBAUGH, in his official and individual capacities,

   Defendants.

HON. ROBERT J. JONKER
U.S. DISTRICT COURT JUDGE

FILE NO. 2:17-cv-137

_____/

| | |
|---|---|
| Sarah R. Howard (P58531)<br>Erin Dornbos (P80834)<br>PINSKY, SMITH, FAYETTE & KENNEDY, LLP<br>Attorneys for Plaintiff<br>146 Monroe Center, N.W., Ste. 805<br>McKay Tower<br>Grand Rapids, MI 49503<br>(616) 451-8496/(616) 451-9850 Fax<br>showard@psfklaw.com<br>edornbos@psfklaw.com | Gregory R. Grant (P68808)<br>CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.<br>Attorneys for Defendant<br>400 W. Front Street, Ste. 200<br>Traverse City, MI 49684<br>(231) 922-1888/(231) 922-9888 Fax<br>ggrant@cmda-law.com |

_____/

## RULE 16 JOINT STATUS REPORT

A Phone Rule 16 Scheduling Conference is scheduled for November 20, 2017 at 10:30 a.m. before the Honorable Timothy P. Greeley. Appearing by phone for the parties as counsel will be:

  Plaintiff:  Sarah R. Howard on behalf of Plaintiff Ann Mikolowski
  Defendants: Gregory R. Grant on behalf of Defendants 91st District Court and Judge Eric G. Blubaugh

1. **Jurisdiction:** The basis for the Court's jurisdiction is:

  28 U.S.C. § 1331 (Federal Question) arising out of the first and fourteenth amendments.

2. **Jury or Non-Jury**: *This case is to be tried* before a jury.

3. **Judicial Availability:** The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment. [NOTE TO COUNSEL: if the parties consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636 (c) and so state in the joint status report, an Order of Reference will be issued transferring the matter to the magistrate judge and allowing appeals to be taken to the United States Court of Appeals for the Sixth Circuit, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(c).].

4. **Statement of the Case:**

   Plaintiff's case involves:

   Plaintiff asserts that Defendants terminated her employment in violation of her First and Fourteenth Amendment rights, namely that she was fired for protected speech on important matters of public concern, and that she was terminated without required due process. Plaintiff also asserts that she was fired in violation of Michigan's Whistleblowers' Protection Act because she made reports of illegality to a governmental official.

   Defendants' case involves:

   Defendants assert that Plaintiff was an at will employee subject to termination at any time for any reason. Plaintiff was not terminated due to any reporting she allegedly made concerning the former district court judge or the sheriff's security plan within the courthouse.

5. **Prospects of Settlement:** The status of settlement negotiations is:

   None.

6. **Pendent State Claims**:

   This case does include pendent state claims under the Michigan Whistleblower Protection Act.

7. **Joinder of Parties and Amendment of Pleadings:**

   The parties do not presently anticipate filing any motions for joinder of parties or to amend the pleadings.

8. **Disclosure and Exchanges:**

    (a)    Fed.R.Civ.P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

    (a)(1) disclosures no later than November 15, 2017.

    (b)    The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by:

    The parties shall provide Rule 26(a)(2) no later than May 1, 2018.

    (c)    It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R.Civ.P. 26 (a)(2). Reports, if required, should be exchanged according to the following schedule:

    The parties shall provide Rule 26(a)(3) disclosures by June 1, 2018.

    (d)    The parties have agreed to make available the following documents without the need of a formal request for production:

    From Plaintiff to Defendants: None.
    From Defendants to Plaintiff: None.

9. **Discovery:**

    The parties believe that all discovery proceedings can be completed by June 1, 2018. The parties recommend the following discovery plan:

    **Subjects on which discovery is required: Discovery is necessary regarding liability and damages. Discovery need not be conducted in phases. The parties do not believe that any limitation on discovery is necessary in this matter. Discovery shall include the exchange of documents required under Rule 26, interrogatories, production request, depositions of the parties and fact witnesses, and deposition of any experts.**

    **The parties have discussed the production of any electronically stored information and intend that such information will be produced in the normal course of discovery.**

10. **Disclosure or Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

    The parties do not anticipate any out-of-the-ordinary electronic records in this matter. The parties agree that reasonably accessible electronically stored documents and emails may be produced as .pdf files or any other electronic format that is user-friendly and constitutes a reasonable duplication of records as they are used in the normal course of business.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

    The parties propose to abide by the procedures in Fed. R. Civ. P. 26(b)(5)(B) to resolve any claims of privilege or work-product immunity of any documents inadvertently produced in discovery.

12. **Motions:** The parties acknowledge W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

    The following dispositive motions are contemplated by each party:

    The parties anticipate that all dispositive motions will be filed by July 30, 2018.

13. **Alternative Dispute Resolution:** In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

    Indicate what discovery, if any, is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective. Indicate a preferred time frame for conducting alternative dispute resolution.

    The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

    > Plaintiff is willing to participate in facilitation at any point, and believes that facilitation may be most productive mid-way through discovery.

    > Defendants are willing to participate in facilitation only after dispositive motions have been filed.

    *For the local rules regarding all forms of ADR used in this district and for lists of*

*mediators and case evaluators, see court's website: www.miwd.uscourts.gov.*

14. **Length of Trial:** Counsel estimate the trial will last approximately 6 full days total, allocated as follows: 3 days for Plaintiff's case, 3 days for Defendants' case.

15. **Electronic Document Filing System:** Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro* se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro* se party must file documents electronically but serve *pro* se parties with paper documents in the traditional manner.

16. **Other:** Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

    There are no known characteristics warranting "extended discovery, accelerated disposition by motion, or other factors relevant to the case."

Dated: October 27, 2017

PINSKY, SMITH, FAYETTE & KENNEDY, LLP

/s/ Sarah R. Howard
Sarah R. Howard (P58531)
Erin Dornbos (P80834)
146 Monroe Center, N.W., Ste. 805
McKay Tower
Grand Rapids, MI 49503
(616) 451-8496/(616) 451-9850 Fax
showard@psfklaw.com
edornbos@psfklaw.com

5

Dated: October 27, 2017                    CUMMINGS, McCLOREY, DAVIS
                                                                                                                                                                                                                                       & ACHO, P.L.C.

                                                                                             /s/ Gregory R. Grant
                                                                               Gregory R. Grant (P68808)
                                                                               Attorneys for Defendants
                                                                               400 W. Front Street, Ste. 200
                                                                               Traverse City, MI  49684
                                                                               (231) 922-1888/(231) 922-9888 Fax
                                                                               ggrant@cmda-law.com